## THE ZEV. *

### BALTUFF v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
October 15, 1928.

Rehearing Denied November 6, 1928.

No. 5525.

*Certiorari denied 49 S. Ct. —, 73 L. Ed. —.

Eduarda K. Baltuff, of Tacoma, Wash., in pro. per.

Anthony Savage, U. S. Atty., and Jeffrey Heiman, Asst. U. S. Atty., both of Seattle, Wash.

Before RUDKIN, DIETRICH and HUNT, Circuit Judges.

RUDKIN, Circuit Judge. ■ The United States filed a libel of information for forfeiture against the British gas screw Zev, her engines, apparel, equipment, tackles, and appurtenances, for a violation of section 585 of the Tariff Act of 1922, 42 Stat. 980 (19 USCA § 487), which provides that, if any vessel or vehicle from a foreign port or place arrives within the limits of any collection district and departs or attempts to depart, except from stress of weather or other necessity, without making a report or entry under the provisions of the act, any such vessel or vehicle shall be subject to forfeiture, and any customs or Coast Guard officer may cause such vessel or vehicle to be arrested and brought back to the most convenient port of the United States. Eduarda K. Baltuff intervened as claimant and filed an answer. On final hearing, a decree was directed to be entered in favor of the libelant, and later a decree was entered accordingly. The present appeal was taken from the order directing the decree in favor of the libelant and from the final decree as entered. The former, of course, is not appealable. Thereafter the

appellant proposed a statement of the evidence in accordance with equity rule 75; the statement reciting on its face that no stenographic notes of the testimony were taken or preserved and that all parties concerned would have to rely upon their memories as to the testimony given. The appellee excepted to the statement as thus prepared, moved to strike the same, and likewise moved for the substitution of a statement prepared by itself in its stead. The statement of evidence as proposed by the appellee was later approved by the court with a slight amendment, not material here.

Under the foregoing facts, it is questionable, at least, whether there is any question before this court for review. An appeal in admiralty vacates the decree of the court below and removes the case to the appellate court for trial de novo. The City of Norwich (C. C. A.) 279 F. 687, L. R. A. 1918C, 795. Because of this rule, the appellate court must have before it all of the testimony taken in the court below, unless the parties stipulate otherwise. Equity rule 75 provides that the evidence to be included in the record shall not be set forth in full, but shall be stated in simple and condensed form; all parts not essential to the question presented by the appeal being omitted, and the testimony of the witness being stated only in narrative form, save that, if either party desire it, and the court or judge so directs, any part of the testimony shall be reproduced in the exact words of the witness, while rule 49 of the Rules in Admiralty, adopted by the Supreme Court, and rule 4 of this court, provide that the apostles shall contain, among other things, the testimony as taken on the part of the libelant and any exhibits annexed thereto and the testimony as taken on the part of the respondent or claimant and any exhibits annexed to his pleadings. There is therefore a manifest conflict between the rule in equity and the rule in admiralty, and it would seem that the equity rule has no application to an appeal in admiralty. But, if the rule be otherwise, this court can in no event look beyond the statement of the evidence as approved by the trial court, and the statement as thus approved amply supports the decree appealed from. Indeed, there is no substantial contention to the contrary. The statement of the evidence, as approved by the trial judge, consists of five or six typewritten pages, and the record proper in the case should be exceedingly brief. On the contrary, the record as brought here contains 235 typewritten pages, and is made up largely of ex parte affidavits and letters, some of which

were taken and written long after the final decree, and none of which are embodied in the statement of evidence as certified by the judge who tried the case.

On the record we are at liberty to consider there can be no question as to the propriety of the decree entered below, and the same is therefore affirmed.