## THE ZEV et al.
### No. 6042.

Court of Appeals of the District of Columbia.

Argued March 5, 1934.
Decided April 2, 1934.

Eduarda K. Baltuff, pro se.

Leslie C. Garnett and John W. Fihelly, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

The pleading in the court below in this suit is described as a libel in admiralty and is filed on behalf of Eduarda K. Baltuff as owner of the gas screw Zev, and prays that the court will order the Zev returned to the care and custody of the United States Marshal for the Western District of Washington state. The libel joins the commandant of the United States Coast Guard and prays as to him that he be required to appear in court and give testimony why the Zev should not be returned by him to the United States District Court for the Western District of Washington. Libelant was not represented by counsel either in the lower court or on this appeal. The libel is crudely drawn and difficult to follow and wholly lacking in the essentials common to every system of pleading. Without regard to this, however, we have endeavored by an examination of the exhibits and other papers filed below to ascertain the real nature of the controversy and to reach a conclusion based upon the facts irrespective of whether or not they are properly pleaded. In this aspect the case appears as follows:

The gas boat Zev, which is not otherwise described, was built in Seattle, Wash., at a cost of $40,000. In May, 1927, and while in the possession of appellant's husband as owner, the vessel was seized by the prohibition department of the government. As nearly as we can determine, a proceeding under the prohibition statutes for the condemnation and sale of the vessel was begun in the United States District Court for the Western District of Washington state in cause No. 11580. While this cause was pending and before it was concluded, another proceeding was begun against the vessel in the same federal District Court, but presumably before another judge, designed to bring about her forfeiture to the United States for violation of the customs and navigation laws. In the last-named suit, begun under the provisions of section 585 of the Tariff Act of 1922, 42 Stat. 980 (19 USCA § 487), a final decree was entered declaring the vessel forfeited, in consequence of which she was turned over to the proper officers of the United States. An appeal from the decree in this case was duly taken by Mrs. Baltuff (who had been permitted by the court to intervene) to the Circuit Court of Appeals for the Ninth Circuit, and on this appeal the decree of the

District Court was affirmed. The Zev, 28 F.(2d) 864. Since the decree of forfeiture in the District Court, the vessel has been in the possession of the United States, and at the present time is under the control of the United States Coast Guard at Base 10, Port Townsend, Washington state. Libelant charges that the subsequent proceedings leading to the forfeiture of the vessel were fraudulent and the result of a conspiracy on the part of United States Customs officials, and the apparent purpose of the proceedings here is in effect to set aside the forfeiture decree so that the federal District Court in Washington may proceed to a final determination of the original prohibition condemnation suit.

Laying to one side for the time being the question of the lack of power as well as the lack of propriety on the part of a court of this jurisdiction undertaking to review final proceedings in a federal court of another jurisdiction, it is obvious that another insurmountable jurisdictional difficulty stands in the way of granting the relief sought. If the proceedings here be treated as in admiralty, and the libel be described as a possessory libel, it is clear that a District Court of the United States sitting in the District of Columbia has no jurisdiction of the subject-matter of the suit, since admittedly the vessel is not now and never was within the territorial limits of the District of Columbia. It is fundamental that a suit in rem can be maintained only in the district where the vessel is. The Propeller Commerce, 1 Black, 574, 581, 17 L. Ed. 107. Admiralty Rule 19 (254 U. S., appendix, 679 [28 USCA § 723]) provides that in every possessory suit for the delivery of possession of a vessel the process shall be by an arrest of the ship. Since the object of this suit is to recover possession of the ship, and since there is no ship within the jurisdiction of these courts and there can be no arrest, there is nothing on which the court's decree may act. If the vessel were in these waters, and the question were whether she was subject to forfeiture for violation of the customs laws, a different situation would be at hand, for courts of the United States have never hesitated to inquire into and decide the title and right of possession of vessels in cases of seizure for forfeiture where the vessel then was. U. S. v. The Mars, 8 Cranch, 417, 3 L. Ed. 609; The Plattsburgh, 10 Wheat. 133, 6 L. Ed. 284; The Antelope, 10 Wheat. 66, 6 L. Ed. 268. But as we have seen, this is exactly what has already happened, for in the suit begun in the federal District Court in Washington state, and concluded in the Circuit Court of Appeals, there was an adjudication against the vessel, the result of which was to transfer her title and ownership to the United States, and libelant here was a party to that suit and then and there had her day in court. By joining in the suit here the commandant of the Coast Guard, whose official headquarters are in the city of Washington, the result is not changed. At most he has constructive possession of the vessel. The actual possession, as we have seen, is that of the Coast Guard officers in Washington state. If their possession of the vessel is unlawful, or is the result of a fraud perpetrated upon the court in that jurisdiction, it may be that a suit in equity would lie to quiet title, but as to this we express no opinion. We are very clear, however, that such a suit may not be maintained here. The present proceeding, even if we treat it as an equity proceeding, is not a suit against the commandant of the Coast Guard to compel him to perform some ministerial duty imposed upon him by law, and so, treated as a bill in chancery or as a libel in admiralty, it is a suit against the United States, and for that reason as well as the lack of the res it is not sustainable and was properly dismissed.

Affirmed.